## PATE v. AMERICAN EMPLOYERS' INS. CO.*

### No. 4642.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

Phanor Breazeale, of Natchitoches, and Foster, Hall, Barret & Smith, of Shreveport, for appellant.

Stephens & Gahagan, of Coushatta, for appellee.

DREW, Judge.

This is a suit for damages for personal injuries and for damage to plaintiff's automobile, alleged to have been caused by a collision between the Buick automobile driven by plaintiff and a school bus, driven by a man named Womack. The act of negligence alleged is that the driver of the bus was traveling on his left side of the road while rounding a curve. During the trial of the case, the allegation of negligence was broadened to allow evidence of speeding on the part of the school bus driver.

The defense was a denial of negligence and special defenses unnecessary to relate, due to our determination of the case.

The case involves only questions of fact, and, although we are reluctant to reverse a decision of the lower court where only facts are involved, we are called upon to do so when a judgment is manifestly erroneous.

The first question for us to determine is, Was the driver of the school bus guilty of any negligence? We think not.

The accident occurred in a sharp curve in the road about 5½ miles from Natchitoches on the way to Campti. The bus was proceeding toward Campti and plaintiff's car toward Natchitoches. The overwhelming preponderance of the testimony is that the school bus was traveling at a rate of speed of from 10 to 20 miles per hour when it reached the curve, and was on its extreme right side of the road; that the car driven by plaintiff was traveling nearly 50 miles per hour, and, on arriving at the curve, turned suddenly to its left, heading diagonally to the right toward the ditch on its left. After the accident, plaintiff's car was in the ditch on the left side of the road, and the school bus was on its right side of the road as near the ditch as it was safe for it to be. The evidence likewise shows that the school bus was not moved more than one foot by the collision.

Plaintiff's theory of the case is that, when he entered the curve, he was driving on his right side of the road, and, when he saw the school bus about 30 or 40 feet in front of him, it was traveling on its left side of the road, and, realizing that an accident was inevitable, he turned his car sharply to the left at the same time the bus driver cut sharply to the right, and the right front wheels of the two vehicles locked. There is no evidence in the record other than plaintiff's that the bus was over on its left side of the road, and there is no evidence to show by the bus tracks that it cut sharply to the left. The explanation given in regard to the bus tracks is that the 41 normal students, who were riding in the bus, got out of the back of the bus, and, in walking around, obliterated the bus tracks. A bus of the capacity of this one must have been at least 20 feet long, and there was no chance to obliterate the tracks made by the front wheels during the last 20 feet the bus traveled. It had been raining and was raining at the time of the accident. Therefore, the tracks made by the two cars could easily have been seen and testified about. Furthermore, the short distance the bus could have traveled after plaintiff claims to have seen it on the left side of the road, until the time the accident occurred made it physically impossible for the bus to be as near the right side of the road, both front and back of the bus, as the evidence shows it to have been, after the accident. The great preponderance of the evidence, as well as the physical facts, make it impossible for the accident to have occurred as testified to by plaintiff.

It is urged by plaintiff that the fact that the right wheel of plaintiff's car locked with the right wheel of the bus makes it impossible for the bus to have been on its extreme right. We see no merit in this contention. The bus was on its extreme right side of the road and nearly stopped when plaintiff entered the curve at a fast rate of speed. The curve was sharp, and plaintiff, on seeing the bus,

---

*Rehearing denied March 2, 1934.

realized he could not keep to his side of the road and that a collision with the bus was inevitable. He attempted to take the ditch in order to avoid colliding with the bus. He nearly succeeded. He was traveling angling across the road, gradually nearing the bus. He missed all of the bus, except the right front part of it. We think a further corroboration of the preponderance of the oral evidence to the effect that the bus driver was free from fault is that plaintiff offered his wrecked car to the owner of the bus, in payment of the damage to the bus. His explanation of his offer of settlement for the damage to the bus is not satisfactory.

Although we dislike to upset the judgment of the lower court, which is based upon facts alone, we are unable to find any evidence to show that the bus driver was guilty of any negligence. It therefore follows that the judgment of the lower court is incorrect and is now reversed; and the demands of plaintiff are rejected, at his cost.